# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED NATURAL FOODS, INC.,<br>    Plaintiff,<br>v.<br>ALKAWONDER, LLC,<br>    Defendant. | Civil Action<br>No. |

## COMPLAINT

Plaintiff United Natural Foods, Inc. ("UNFI"), by its undersigned counsel, brings this action against Defendant Alkawonder, LLC ("Alkawonder" or "Supplier") for breach of contract, open book account and unjust enrichment, and for its Complaint alleges as follows:

## NATURE OF THE ACTION

1. UNFI is a distributor of natural, organic, specialty foods, and conventional grocery and non-food products, and a provider of professional support services in the United States and Canada. Supplier is a supplier of bottled water and related products (the "Products") under a certain Supplier Agreement effective as of December 18, 2018.

2. The Supplier Agreement permits UNFI to take deductions from amounts owed to Supplier, including allowances and deductions for returned or defective Products, spoilage, and various additional chargebacks. These amounts are typically offset against the sums owed by UNFI to Supplier. UNFI maintains a running account for each Supplier, tracking the various amounts owed to and from a given Supplier. As detailed below, Supplier owes UNFI the sum of $146,703.96 (the "Payables Claims") on its account.

3. Supplier also entered into a "Guaranteed Sales on Product Agreement" ("GSA") with UNFI. Under the GSA, Supplier commits to buy back all unsold or overstock product

purchased by UNFI during the first six months following introduction of a new product into the UNFI distribution system.

4. The Supplier Agreement also provides that if sales of the Products do not reach a minimum threshold or are deemed underperforming, Supplier is obligated to retrieve any unsold Products and refund to UNFI the amounts paid for those unsold Products. Claims for return of unsold or overstock Products, under the Supplier Agreement and/or GSA, are referred to in this Complaint as the "Inventory Claims". The amount owed on the Inventory Claims is $189,167.73.

5. Accordingly, UNFI brings this action to recover the total amount due of $335,871.69, plus prejudgment interest, costs, and reasonable attorneys' fees.

## PARTIES

6. UNFI is a Delaware corporation with its principal place of business in Providence, Rhode Island. UNFI is a distributor of natural, organic, specialty foods and conventional grocery and non-food products, and a provider of professional support services in the United States and Canada.

7. Alkawonder is, upon information and belief, a Florida limited liability company with its principal office located at 2400 High Ridge Road Suite 104, Boynton Beach, Florida 33426. Upon information and belief, its members are not citizens of either Rhode Island or Delaware.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the Parties to this action are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Supplier pursuant to R.I. Gen. Laws § 9-5-33. In addition, in Paragraph 17(F) of the Supplier Agreement, Supplier agreed that "[t]he courts

of the State of Rhode Island and the federal courts located therein shall have exclusive jurisdiction over all matters arising from this Agreement."

10. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391. Venue is also proper under Paragraph 17(F) of the Supplier Agreement.

## FACTUAL ALLEGATIONS

### The Supplier Agreement

11. UNFI and Supplier entered into the Supplier Agreement effective December 18, 2018. The Supplier Agreement is a legally valid, binding, and enforceable contract between UNFI and Supplier.

12. Pursuant to the Supplier Agreement, UNFI purchased and distributed to its customers certain Products supplied by Supplier.

13. The Supplier Agreement expressly provides that it "constitutes the entire Agreement and understanding between the parties regarding the subject matter hereof, and supersedes and merges all prior discussions and agreements." *Agmt.* § 17(L).

### UNFI's Payables Claims

14. Pursuant to the Supplier Agreement, UNFI is entitled to take deductions from amounts owed to Supplier. In particular, the Supplier Agreement provides that "[a]ll appropriate deductions and fees … will be deducted from UNFI's payment to Supplier. In the event that UNFI cannot deduct amounts due within thirty (30) days, UNFI shall bill Supplier. Any such amounts shall be due upon receipt of invoice." *Agmt.* § 5(A)(5).

15. Pursuant to the Supplier Agreement, UNFI is entitled to "offset amounts due by UNFI to Supplier with amounts due by Supplier to UNFI." *Agmt.* § 5(A)(8).

16. Pursuant to the Supplier Agreement, Supplier is obligated to support new Product introductions "through advertising and an off-invoice introductory discount for a minimum period

3

of time, as agreed in writing" between UNFI and Supplier. *Agmt.* § 5(B)(4). Such advertising expenses are deductible from the amounts otherwise payable from UNFI to Supplier. *Id.* § 5(B)(1).

17. Pursuant to the Supplier Agreement, Supplier is obligated to reimburse UNFI certain amounts payable in connection with chargebacks. For example, Section 12(B) of the Supplier Agreement provides that "UNFI may refuse to accept Unacceptable Products. If Unacceptable Product has been delivered to UNFI or if, after delivery to UNFI or its customer, the Product becomes or is discovered to be Unacceptable Product., [sic] Supplier shall accept the Unacceptable Product for return, for full credit with freight paid by Supplier."

18. Attached hereto as <u>Exhibit 1</u> and incorporated by reference herein is a statement of the accounts payable by Supplier to UNFI ("Payables Statement"), showing that the total sum of $146,703.96 is current due and owing to UNFI. This statement reflects the net sums due to UNFI after accounting for (1) products sold by Supplier to UNFI and invoiced accordingly; (2) payments, manufacturer chargebacks such as for spoilage or unacceptable products, and other credits in favor of UNFI.

### UNFI's Inventory Claims for Unsold Products

19. UNFI remains in possession of a significant amount of inventory that UNFI had acquired from Supplier in anticipation of selling to customers (the "Unsold Inventory").

20. In the Parties' Supplier Agreement, Supplier expressly agreed to bear the risk that Supplier's products would not sell, and Supplier agreed to repurchase Unsold Inventory as follows:

> If any Products do not reach a minimum sales level as reasonably determined by UNFI or are deemed underperforming by UNFI in its reasonable discretion, Supplier will work in good faith with UNFI to move the Product inventory via promotions, marketing or other agreed to means. Supplier will be responsible for any remaining Product in UNFI's inventory which Supplier shall arrange for prompt pickup, accept for return, and issue UNFI a full refund, unless the parties otherwise agree on an alternative disposition.

*Agmt.* § 5(A)(9).

21. Similarly, in the GSA, Supplier committed "to accept back all overstock product purchased by UNFI" during the first six months following introduction of a product to a UNFI distribution center.

22. As of the date of this Complaint, the value of Unsold Inventory that UNFI has in its possession is $189,167.73.

23. On January 5, 2021, UNFI made demand for repayment of the amounts then owed by Supplier for the Payables Claims and Inventory Claims.

## COUNT I
### (Breach of Contract)

24. UNFI incorporates by reference the allegations set forth above in paragraphs 1 through 22 as if fully set forth herein.

25. Unless otherwise excused, UNFI has performed all conditions, covenants, and promises required under the terms and conditions of the Supplier Agreement.

26. UNFI is owed the amount of $146,703.96 on account of the Payables Claims, all as reflected in the Payables Statement and the corresponding chargeback invoices referenced therein.

27. Supplier has breached the Supplier Agreement by failing to pay the amount of $146,703.96 on account of the Payables Claims.

28. Supplier has also breached the Supplier Agreement and GSA by failing to refund to UNFI the amount of $189,167.73 for the Inventory Claims.

29. As a proximate cause of Supplier's breaches of its contractual obligations under the Supplier Agreement, UNFI has suffered damages in an amount not less than $335,871.69, plus interest, costs, and attorneys' fees.

## COUNT II
### (Book Account)

30. UNFI incorporates by reference the allegations set forth above in paragraphs 1 through 28 as if fully set forth herein.

31. As of the date of this Complaint, UNFI's books and records indicate that Supplier owes UNFI $146,703.96 for the Payables Claims, and $189,167.73 for the Inventory Claims, for a total of $335,871.69.

32. Supplier has failed to pay the $335,871.69 that it owes to UNFI.

33. Therefore, Supplier owes UNFI the amount of $335,871.69, plus interest, costs, and attorneys' fees.

## COUNT III
### (Unjust Enrichment)

34. UNFI incorporates by reference the allegations set forth above in paragraphs 1 through 32 as if fully set forth herein. To the extent necessary, this Count is pleaded in the alternative to the other Counts herein.

35. To the extent that Supplier accepted payments from UNFI that Supplier was not entitled to receive under the Supplier Agreement, UNFI has conferred a benefit upon Supplier that it would be inequitable for Supplier to retain.

36. Supplier has wrongfully refused to repay monies owed to UNFI for refund of chargebacks and other sums, all as reflected in the Payables Statement and the corresponding chargeback invoices referenced therein. Likewise, Supplier has wrongfully refused to repay monies owed to UNFI on account of the Inventory Claims.

37. By failing to repay UNFI for these items, Supplier has obtained monies to which it is not legally entitled.

38. Supplier's unjust enrichment has come at the expense and to the detriment of UNFI.

39. Therefore, Supplier should be required to make restitution to UNFI of all monies that it obtained that it was not entitled to receive under the Supplier Agreement and/or GSA Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, United Natural Foods, Inc., respectfully requests that this Honorable Court enter judgment against Alkawonder, LLC as follows:

a. For compensatory damages in the principal amount of $335,871.69;

b. As an alternative, for a complete accounting of all monies that Supplier obtained and for restitution to UNFI of all monies that it was not entitled to receive under the Supplier Agreement;

c. For prejudgment interest from the date of demand (January 5, 2021) to the date of judgment at the Rhode Island statutory rate of 12 percent per annum;

d. For the costs of suit herein including reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45; and

e. For such other relief as the Court deems just and proper.

DATED:  March 12, 2021

Respectfully submitted,

UNITED NATURAL FOODS, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

*/s/ Daniel E. Burgoyne*
Daniel E. Burgoyne (#7541)
Christian R. Jenner (#7731)
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200
(401) 861-8210 FAX
dburgoyne@psh.com
cjenner@psh.com

3998564.2/16153-13